IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13cv-02931-BNB

NICHOLAS AURELIO,

 Plaintiff,

v.

[NO NAMED DEFENDANT],

 Defendant.

## ORDER

  At issue is the Letter, ECF No. 4, Plaintiff submitted to the Court requesting that the Court direct the Denver Detention Center to allow him to be present when jail staff copies his legal documents and to provide him access to the Westlaw library so he can do research on this case.

  Plaintiff's right of access to the Court does not, as a matter of law, include the right of "free unlimited access to a photocopying machine, particularly when . . . there are suitable alternatives."  *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980). Also, the Tenth Circuit Court of Appeals has found that handwritten copies of filings with the court are a reasonable alternative to photocopying.  *Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006).

  Prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  The Tenth Circuit "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems." *See Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977).

The Court directed Plaintiff to submit his claims on a Court-approved form used in filing a prisoner complaint and to submit a request to proceed pursuant to 28 U.S.C. § 1915 if he seeks to proceed without payment of the filing fee in full prior to proceeding with the Complaint. Plaintiff is required to send only the original Complaint and § 1915 Motion to the Court. Copies of these filings are necessary only if Plaintiff desires to keep a copy for his records. Plaintiff does not assert that jail staff refuses to make copies for him. Rather, he objects to jail staff having access to his legal documents, and he wants to be present when the copies are made.

Plaintiff has an alternative to having jail staff make copies of his legal documents--he may make handwritten copies of the Complaint and Motion for his records. A denial of Plaintiff's request to oversee the photocopying of his documents, therefore, falls within the broad discretion of prison administrators to manage a prison facility. Plaintiff's request for oversight will be denied.

Plaintiff does not have a constitutional right to unlimited access to a prison law library. "[R]estricted access to the law library is not *per se* denial of access to the courts." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978). Because Plaintiff does not have a constitutional right to access Westlaw his request for access is denied. Accordingly, it is

ORDERED that Plaintiff's request for copies and access to Westlaw, ECF No. 4, is denied.

DATED November 12, 2013, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge