IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02931-BNB

NICHOLAS J. AURELIO,

    Plaintiff,

v.

DENVER SHERIFF'S DEPARTMENT,
CHIEF THAN,
CAPTAIN ROMERO,
SERGEANT JORDON,
DEPUTIES OF SHERIFFS OF DENVER DETENTION CENTER, and
DENVER SHERIFF'S DEPARTMENT,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Nicholas J. Aurelio, currently is detained at the Denver County Jail in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Letter that challenges the conditions of his confinement. The Court directed Plaintiff to file his claims on a Court-approved form, which he did on November 6, 2013. Plaintiff asserts that his constitutional rights have been violated pursuant to 42 U.S.C. § 1983, and he seeks money damages.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Plaintiff will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his

constitutional rights.

Defendant Denver Sheriff's Department is not a person for the purpose of a 42 U.S.C. § 1983 action. Plaintiff must demonstrate how each of the three named defendants personally participated in the asserted claims. Further, Plaintiff may use fictitious names, such as John or Jane Doe, or "Deputies of Sheriffs," if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service.

To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Plaintiff must explain in his Amended Complaint what each defendant did to him, when they did it, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an

Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed to review the merits of Plaintiff's claims stated in the November 6, 2013 Complaint.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED November 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge