IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02931-BNB

NICHOLAS J. AURELIO,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
CHIEF THAN,
CAPTAIN ROMERO,
SERGEANT JORDAN,
SERGEANT DOHERTY,
DEPUTY HERNANDEZ,
DEPUTY SPROCK,
DEPUTY CLEMENTS,
DEPUTY PEREZ,
DEPUTY NESS,
DEPUTY SHAFER,
DEPUTY ARELLANO,
DEPUTY McLAIN, and
MARTINEZ, Al Deputies Work for Denver Sheriff's Department at the Denver Detention
    Center,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AMENDED COMPLAINT

    Plaintiff, Nicholas J. Aurelio, is detained at the Denver County Jail. On October 25, 2013, Plaintiff, acting *pro se*, initiated this action by filing a Letter that challenges the conditions of his confinement. Magistrate Judge Boyd N. Boland entered an order on October 29, 2013, and directed Plaintiff to submit his claims on a Court-approved form that is used in filing prisoner complaints and either to submit a request to proceed pursuant to 28 U.S.C. § 1915 or to pay the $400 filing fee in full. On November 6, 2013, Plaintiff complied with the October 29 Order.

Magistrate Judge Boland granted Plaintiff leave to proceed pursuant to § 1915 but found the Complaint failed to assert how each properly named defendant personally participated in the asserted claims. Magistrate Judge directed Plaintiff to submit an Amended Complaint that states what each defendant did to him, when they did it, how the action harmed him, and what specific legal right the defendant violated. Plaintiff filed an Amended Complaint on December 12, 2013.

The Court must construe liberally the Amended Complaint because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* Plaintiff will be directed to file a Second Amended Complaint for the reasons stated below.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff's Amended Complaint is unmanageable. It is repetitive and does not set forth the claims in a simple, concise, and direct manner. Plaintiff fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). It is Plaintiff's responsibility to present his claims in a manageable format. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts by each defendant that allegedly support the specific constitutional violation. Neither the Court nor defendants are required to sift through Plaintiff's allegations to piece together each claim of a constitutional violation. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff also failed to assert how all named defendants violated his constitutional rights. Plaintiff must assert what each defendant did to him, when they did it, how the action harmed him, and what specific right he believes the defendant. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A complaint must

present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's claim that he was denied a bible does not meet the pleading requirements set forth in *Nasious* or present enough facts to state a claim that is plausible on its face.  Plaintiff also fails to state a viable claim against Deputies Sprock, Clements, Perez, Ness, Shafer, Arellano, McLain, and Martinez.  Plaintiff's claims against these defendants are devoid of any supporting facts, and they do not support a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Furthermore, municipalities and municipal entities, such as the City and County of Denver, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.

Finally, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "an unrepresented prisoner or party shall use the forms and procedures posted on the court's website."  Plaintiff did not include all of the pages of the Court-approved form in the Amended Complaint he submitted on December 12, 2012.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Amended Complaint does not meet the requirements of Fed. R. Civ. P. 8. Plaintiff will be given one last opportunity to cure the deficiencies in his Amended Complaint by submitting a Second Amended Complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges in a manageable format the specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that, **within thirty days from the date of this Order**, Plaintiff file a Second Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to be used in filing the Second Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order within the time allowed, the action will be dismissed without further notice.

DATED December 20, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge